IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND and PLUMBERS AND STEAMFITTERS U.A. LOCALS 63;353 PENSION TRUST FUND, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) No. |
| v. | ) ) |
| PRATHER PLUMBING & HEATING, INC., | ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COME the Plaintiffs, EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WEFLARE FUND ("Welfare Fund") and PLUMBERS AND STEAMFITTERS U.A. LOCALS 63;353 PENSION TRUST FUND ("Pension Fund"), by their attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, PRATHER PLUMBING & HEATING, INC. ("PPHI"), and alleges as follows:

1.   This Court has jurisdiction over this matter as this action arises under the Employee Retirement Income Security Act of 1974, as amended and codified at 29 U.S.C §1001 *et seq*. ("ERISA") and the Labor Management Relations Act of 1947, as amended and codified at 29 U.S.C. §141 *et seq*. ("LMRA").

2.   Venue is proper pursuant to 29 U.S.C. §1132(e)(2) as PPHI's place of business is 943 W. Center Street, Eureka, Illinois and the Pension Fund is administered in East Peoria, Illinois.

3.   The Pension Fund and Welfare Fund (collectively "the Funds") are employee benefit funds administered pursuant to the terms and provisions of the LMRA and ERISA.

4. The Funds are multiemployer plans as more than one employer is required to contribute to them, and each Fund is maintained pursuant to one or more collective bargaining agreements between one or more employee organizations and more than one employer. 29 U.S.C. 1001(37)(A).

5. This lawsuit against PPHI is based on its role and status as a successor company to Prather Plumbing Inc. ("PPI"), and Plaintiffs seek to recover from PPHI the delinquent contributions, liquidated damages, interest, audit costs, attorney's fees, and other costs owed by PPI to the Plaintiffs.

6. In September 2004, PPI executed a collective bargaining agreement ("CBA") with Plumbers Local #63, a labor organization, that required contributions to the Funds for employees performing work covered under the CBA.

7. Pursuant to 29 U.S.C. 1145, PPI was required to make contributions to the Funds in accordance with the terms and conditions of the CBA and Plaintiffs' Agreements and Declarations of Trusts, and to pay liquidated damages and interest in the event said contributions were not timely made.

8. As authorized under the Funds' Agreements and Declarations of Trusts, the Funds engaged the certified public accounting firm of Romolo & Associates to examine the payroll books and records of PPI to determine whether PPI had paid the contributions required under the CBA and the Funds' Agreements and Declarations of Trusts.

9. The payroll examination by Romolo & Associates disclosed that PPI owed the Welfare Fund a total of $92,775.57 including $83,673.25 in fringe benefit contributions, $8,367.32 in liquidated damages, and audit costs of $735.00; and PPI owed the Pension Fund a

total of $147,246.93 including $99,822.12 in fringe benefit contributions, liquidated damages of $10,461.27, interest of $36,963.54, and audit costs of $690.00.

10. Based on remittance reports the Funds obtained from PPI, the Funds determined PPI owed an additional $21,583.43 to the Welfare Fund that included delinquent fringe benefit contributions of $19,621.30 and liquidated damages of $1,962.13; and PPI owed the Pension Fund another $30,887.13, that included unpaid fringe benefit contributions of $25,464.91, liquidated damages of $3,314.54, and interest of $2,107.68.

11. After the Funds made several demands for payment of the delinquent contributions, interest, liquidated damages and audit costs, PPI failed to pay the amounts owed.

12. On August 12, 2012, the Funds sued PPI in U.S. District Court in the Central District of Illinois seeking recovery of the delinquent contributions, liquidated damages, interest, audit costs, attorney's fees, and court costs. (Case No. 12-1309, D/E #1)

13. PPI failed to answer the Complaint or otherwise respond, and, on November 26, 2012, the Funds filed a Motion for Default Judgment against PPI. (D/E # 8)

14. On January 18, 2013, the District Court granted the Funds' Motion for Default Judgment and entered a judgment against PPI in the following amounts: $125,287.03 in fringe benefit contributions, $39,071.22 in interest, $13,775.81 in liquidated damages, and $690.00 in audit costs to the Pension Fund (and as the collection agent for other related funds); $103,294.55 in fringe benefit contributions, $10,329.45 in liquidated damages, and $735.00 in audit costs to the Welfare Fund; and an award to both Funds of $5,575.50 for attorney's fees and $378.50 in costs. (D/E # 11)

15. Thereafter, Plaintiffs began citation proceedings pursuant to Fed.R.Civ.P. 69 and 735 ILCS 5/2-1402.

16. As part of the citation proceedings, the Funds received certain financial documentation from PPI to determine if PPI had assets or revenue to pay the judgment against it.

17. PPI's financial statements for the year ending December 31, 2012 showed PPI was insolvent.

18. On May 30, 2012, PPHI was incorporated in Illinois.

19. On June 19, 2012, PPI transferred three of the 4 vehicles it owned, as well as PPI's equipment and tools, to PPHI.

20. According to the deposition testimony of Robert Prather, PPI stopped operating as of August 1, 2012.

21. Illinois Secretary of State records show PPI continues to be an active corporation at the time of this filing.

22. The corporate officers for PPI were Robert Prather as President, David Prather as Vice President, and Kirk Prather as Secretary.

23. The corporate officers of PPHI are David Prather as President and Kirk Prather as Vice President.

24. The full-time employees of PPI were Robert Prather, Kirk Prather, David Prather, and Clinton Prather.

25. At the time PPHI started operating, its full-time employees were David Prather, Kirk Prather, and Clinton Prather.

26. Based on information and belief, at the time PPHI started operating, Robert Prather performed estimating work and marketing work for PPHI and continues to perform this work for PPHI.

27. While employed by PPI, Robert Prather, David Prather, Kirk Prather, and Clinton Prather were members of Plumbers Local 63.

28. After becoming employed by PPHI, David Prather, Kirk Prather, and Clinton Prather terminated their union membership with Plumbers Local 63.

29. While employed by PPI, Robert Prather, David Prather, Kirk Prather, and Clinton Prather were Participants in the Welfare Fund and the Pension Fund.

30. After becoming employed by PPHI, Robert Prather, David Prather, Kirk Prather, and Clinton Prather terminated their participation in the Welfare Fund and Pension Fund.

31. PPI performed residential plumbing construction, residential plumbing services, and commercial plumbing construction.

32. PPHI performs residential plumbing construction, residential plumbing services, and commercial plumbing construction.

33. PPI used, and PPHI currently uses, the same business location at 943 Center Street, Eureka, Illinois.

34. Robert Prather owned 90% of PPI, and Kirk Prather and David Prather each had a 5% ownership interest in PPI.

35. Based on information and belief, David Prather and Kirk Prather are the owners of PPHI.

36. PPI purchased materials and supplies for PPHI after PPI stopped operating in August 2012.

37. PPHI completed projects on behalf of PPI after PPI stopped operating as of August 1, 2012.

38. As owners and officers of PPI, and as Participants in the Pension Fund and Welfare Fund, David Prather and Kirk Prather had knowledge that PPI had an obligation to contribute to the Funds, and David and Kirk Prather knew PPI was delinquent in its contributions to the Funds prior to incorporating PPHI.

39. Based on the multiple factors and indicia of successor liability described above, Prather Plumbing and Heating Inc. (PPHI) is liable for the amounts owed by Prather Plumbing Inc. (PPI).

40. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of the Plaintiffs in this matter, Prather Plumbing and Heating Inc. is also liable for the attorney's fees incurred by the Plaintiffs pursuant to §1132(g)(2) of ERISA.

WHEREFORE, Plaintiffs pray as follows:

A. That Judgment be entered in favor of the Plaintiffs and against Defendant, PRATHER PLUMBING AND HEATING, INC., in the total amount due of $293,183.06;

B. That Plaintiffs be awarded their court costs and reasonable attorneys' fees, as provided by ERISA (29 U.S.C. §1132(g)(2)); and

C. That Plaintiff be awarded, at Defendant's costs, such further and other relief as may be available under ERISA, the applicable labor agreements, the Funds' Agreements and Declarations of Trusts. or as otherwise just and equitable, all at Defendant's cost.

EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND and PLUMBERS AND STEAMFITTERS U.A. LOCALS 63;353 PENSION TRUST FUND, Plaintiffs,

By: s/JOHN A. WOLTERS
JOHN A. WOLTERS
**CAVANAGH & O'HARA LLP**
**Attorneys for Plaintiffs**

2319 W. Jefferson Street
Springfield, Illinois 62702
Telephone:	(217) 544-1177
Facsimile:	(217) 544-9894
johnwolters@cavanagh-ohara.com